IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RYAN A. PAPLACZYK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 125-081 |
| | * | |
| ROSALIE PAPLACZYK, | * | |
| a/k/a Rosalie Cervino, | * | |
| f/k/a Rosalie Gudmundsson, | * | |
| f/k/a Rosalie Abruzzese, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

This matter is before the Court on its own accord.  For the following reasons, this case is **DISMISSED WITHOUT PREJUDICE.**

**I. BACKGROUND**

**A.   PLAINTIFF'S NOVEMBER 2024 COMPLAINT**

The Court is familiar with Plaintiff and the alleged facts underlying this dispute.  In November 2024, Plaintiff, proceeding *pro se*, filed a complaint seeking the return of his two minor children, located in Germany, to the United States.  Paplaczyk v. Cervino, CV 124-205, doc. 1 (S.D. Ga. Nov. 8, 2024) (hereinafter "CV 124-205").   Plaintiff alleged Defendant, his ex-wife, wrongfully removed the divorced couple's children from the United States to Germany in contravention of the Hague Convention on the

Civil Aspects of International Child Abduction, as implemented through the International Child Abduction Remedies Act ("ICARA"). See generally id. The November 2024 complaint alleged Defendant violated several federal laws, including federal criminal statutes, 42 U.S.C. § 1983, and ICARA, and referenced Plaintiff's rights as an active-duty service member pursuant to the Servicemembers Civil Relief Act. Id. at 4, 8-9. The complaint further explained Plaintiff had filed a Hague Convention petition with a family court in Stuttgart, Germany, and obtained a ruling on October 29, 2024, concluding the children had been wrongfully removed from the United States by Defendant. Id. at 8; see also CV 124-205, doc. 1-2, pp. 20-23. For relief, Plaintiff sought to enforce the German court's return order, modify child custody arrangements, and obtain emergency temporary custody of the children. See CV 124-205, doc. 1, pp. 8-14.

The Court *sua sponte* dismissed CV 124-205 for lack of federal subject matter jurisdiction on November 20, 2024. See CV 124-205, doc. 7. The Court concluded the complaint's references to the above-mentioned federal statutes was insufficient to establish federal question jurisdiction because the facts alleged did not support any viable federal claims under the cited statutes. Id. at 5-9. Specifically regarding Plaintiff's efforts to rely on the Hague Convention and ICARA, the Court explained Plaintiff's claims failed because he sought *enforcement* of the German court's return

2

order, not to file an ICARA petition in the first instance, and to the extent he was attempting to file a second ICARA petition, the Court could not entertain this petition and demand the children's return because the children were located abroad. Id. at 6-8 (quoting Fernandez v. Bailey, 909 F.3d 353, 359 (11th Cir. 2018) ("Because ICARA requires reviewing courts to have personal jurisdiction over the abducted child, a parent can only file a return petition in the district where the child is located.")). The Court further noted Plaintiff could seek his desired relief in state court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, which Georgia has adopted, and that the German court provided enforcement mechanisms to effectuate the return order. Id. at 7-8. Thus, because Plaintiff did not establish federal question jurisdiction, nor was there any indication diversity jurisdiction requirements were met, the Court dismissed Plaintiff's case without prejudice. Id. at 9.

## B.    PLAINTIFF'S APRIL 2025 COMPLAINT

On April 8, 2025, Plaintiff filed a new complaint titled "Emergency Verified Complaint for Return of Children Under the Hague Convention and ICARA," pro se, once again seeking for his children to be returned to the United States. (See doc. 1.) He alleges Defendant has continued to retain the children in Germany despite the German court's order ruling they should be returned to the United States. (Id. at 1.) Plaintiff alleges subject matter

jurisdiction is proper under 28 U.S.C. § 1331, the statute for federal question jurisdiction, because he brings claims under ICARA, and the Court can exercise supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. (Id. at 3.) His complaint purports to bring two causes of action[1]: (1) "Hague Convention/ICARA Violation (22 U.S.C. § 9003)" for Defendant's alleged wrongful removal and ongoing retention of the children in Germany, and (2) "Declaratory and Injunctive Relief (28 U.S.C. §§ 2201, 1651)." (Id. at 19.) Plaintiff seeks a declaration that Defendant's actions violate the Hague Convention and ICARA, and that the Chatham County custody order, discussed *infra*, is void, and he requests an injunction for the children's return and compliance with the German court's order. (Id.)

The April 2025 complaint also alleges new factual developments since CV 124-205 was dismissed on November 20, 2024. Plaintiff claims the Superior Court of Chatham County, Georgia awarded custody over both children to Defendant on November 22, 2024, despite the German court's order finding them wrongfully removed from the United States. (Id. at 1; see also doc. 1-15.) Plaintiff has appealed this decision to the Georgia Court of Appeals, and the appeal remains pending. (Doc. 1, p. 9.)

---

[1] Although these two "causes of action" are the only items listed under the complaint section titled "Causes of Action," (doc. 1, p. 19), earlier in his complaint, Plaintiff also references pursuing claims under 42 U.S.C. § 1983, (id. at 5).

Furthermore, in the April 2025 complaint, Plaintiff acknowledges the Court's prior dismissal in CV 124-205 and attempts to explain why he now properly invokes federal jurisdiction. (Id. at 4-5.) Plaintiff alleges this Court has jurisdiction over his case for five reasons: (1) he ties the April 2025 complaint to ongoing wrongful retention under ICARA "rather than merely seeking enforcement of a foreign ruling;" (2) continuing violations of the Hague Convention after a child's removal are justiciable under Supreme Court cases Monasky v. Taglieri, 589 U.S. 68 (2020), and Chafin v. Chafin, 568 U.S. 165 (2013); (3) he seeks relief under 28 U.S.C. § 2201 and § 1651, and his state law claims fall under the Court's supplemental jurisdiction; (4) the children's continued retention in Germany despite the German court finding their habitual residence is Georgia constitutes an ongoing wrongful act under ICARA; and (5) he alleges violations of 42 U.S.C. § 1983 because he articulated facts supporting joint state and private conduct. (Id.)

C.    **PLAINTIFF'S SUPPLEMENTAL FILINGS**

Thereafter, on April 18, 2025, Plaintiff filed a "Supplemental Complaint" pursuant to Federal Rule of Civil Procedure 15(d) to document post-filing updates regarding the Chatham County state proceedings and alleged denials of Plaintiff's Freedom of Information Act requests. (See doc. 5.) Subsequently, on April 25, 2025, Plaintiff filed three

additional filings: a "Motion to Consolidate Exhibits and Supplement the Evidentiary Record," (doc. 6), an "Amended Supplemental Complaint,"[2] (doc. 7), also filed pursuant to Rule 15(d), and a "Notice of Escalation of Wrongful Retention and Emergency Motion to Expedite Hearing and Enforcement Under the Hague Convention, ICARA, and 18 U.S.C. § 1204," (doc. 8).   In the "Notice of Escalation," Plaintiff alleges further detail about Defendant's conduct and seeks emergency relief including a Temporary Restraining Order.   (See id.)

Federal Rule of Civil Procedure 15(d) provides, in relevant part, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."   Fed. R. Civ. P. 15(d).   For the sake of completeness, the Court considers the additional facts presented in Plaintiff's amended supplemental complaint to the extent they are helpful to the instant analysis.[3]

---

[2] This "amended supplemental complaint" is mostly identical to the "supplemental complaint," though it contains some differences. (Compare doc. 5, p. 11, with doc. 7, p. 11.) Additionally, the exhibits attached to the supplemental and amended supplemental complaints are different. (Compare doc. 5, pp. 59-937, with doc. 7, pp. 59-282.) Because Plaintiff appears to have filed the "amended supplemental complaint" to replace the supplemental complaint, the Court considers this filing in addressing the Rule 15(d) analysis.

[3] Federal Rule of Civil Procedure 15(d) also provides "[o]n motion and reasonable notice," the Court may permit a supplemental pleading. Fed. R. Civ. P. 15(d).   Plaintiff included a "Notice of Motion to

However, to the extent the amended supplemental complaint attempts to change portions of the original complaint without purporting to replace it in its entirety, the Court finds it is an improper piecemeal amendment. (Compare doc. 7, with doc. 1.) Although Plaintiff may amend his complaint once as a matter of course pursuant to Federal Rule of Procedure 15(a)(1), he may not piecemeal amend his complaint by filing additional complaints that merely supplement the claims and legal bases contained in the original complaint. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009) (explaining plaintiffs may not piecemeal amend complaint by simply amending sections of complaint or submitting separate filings). Accordingly, the Court addresses the originally filed complaint in the instant Order as the operative pleading, (see doc. 1), but nonetheless takes note of the post-filing updates contained in the amended supplemental complaint, (see doc. 7). Regardless, even if the Court considered Plaintiff's amended supplemental complaint to be the operative pleading, his case should still be dismissed for the reasons described below.

## II. DISCUSSION

---

Supplemental Complaint" at the end of the amended supplemental complaint. (Doc. 7, p. 57.) Liberally construing Plaintiff's filing and for the sake of judicial efficiency, as this case should be dismissed, the Court accepts this notice as sufficient under Rule 15(d).

As previously described, "[f]ederal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020). "Further, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). "[I]t is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." DeRoy, 936 F.3d at 1311 (citations omitted). Accordingly, "[a] federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (citation omitted).

Here, the reasons for dismissal explained in the Court's CV 124-205 Order apply with full force. CV 124-205, doc. 7, pp. 5-9. Plaintiff again seeks the return of his children, who are currently located in Germany, to the United States, and relies on the same theory of federal jurisdiction previously rejected by this Court in CV 124-205. (See doc. 1.) Accordingly, the Court incorporates by reference the analysis and conclusion of its prior dismissal Order in again determining Plaintiff's case should be dismissed for lack of subject matter jurisdiction. See CV 124-

205, doc. 7. Although the analysis could stop here, the Court addresses each of Plaintiff's arguments for why he now properly invokes federal jurisdiction below.

Plaintiff's first, second, and fourth arguments all fail for one overarching reason: the Court cannot order the return of Plaintiff's children because they are outside the United States. First, Plaintiff contends federal jurisdiction is proper because he seeks enforcement under ICARA "through a clarified return petition tied to ongoing wrongful retention." (Doc. 1, p. 4.) Although state and federal courts have concurrent original jurisdiction over actions arising under the Hague Convention, 22 U.S.C. § 9003(a), ICARA also provides a return petition must be initiated "in any court which has jurisdiction of such action *and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed*," 22 U.S.C. § 9003(b) (emphasis added). As previously explained, the Court is not authorized to exercise jurisdiction over children located outside the United States. CV 124-205, doc. 7, pp. 6-7 (quoting Fernandez, 909 F.3d at 359). Indeed, in applying this rule, courts in this district and others have dismissed ICARA petitions seeking orders for the return of children located abroad. See Duhart v. Kristan, No. 1:23-CV-3947, 2023 WL 7927777, at *1-2 (N.D. Ga. Nov. 16, 2023) (dismissing for lack of subject matter jurisdiction parent's petition seeking return of child to the United States

9

because the court could not exercise jurisdiction over child located in Germany); Stone v. U.S. Embassy Tokyo, No. CV 19-3273, 2020 WL 4260711, at *3 (D.D.C. July 24, 2020)("Plaintiff's child [located in Japan] is outside the jurisdiction of the Court, and the Court cannot issue a return order under ICARA.") Accordingly, Plaintiff's claims for his children's return under ICARA outright fail under § 9003(b), and thus this claim cannot provide a basis for federal jurisdiction.

Likewise, Plaintiff misconstrues Supreme Court cases Monasky and Chafin as proving the "justiciability" of his claims.[4] Rather, Monasky and Chafin are readily distinguishable from Plaintiff's case based on one simple, but critical, factual difference: the children at issue in both cases were located *in the United States*, not abroad, at the time the ICARA petition seeking their return was filed. Monasky, 589 U.S. at 73 (seeking return of child located in Ohio to Italy); Chafin, 568 U.S. at 170 (seeking return

_____

[4] Elsewhere in his complaint, Plaintiff also relies on the Eleventh Circuit case Lops v. Lops, 140 F.3d 927 (11th Cir. 1998), to establish federal jurisdiction. (Doc. 1, p. 3.) However, there are several issues with Plaintiff's contention this case proves the Court has the requisite authority to hear this case. Plaintiff claims this case "decisively upheld jurisdiction over an international child abduction case originating in Georgia, [by] ordering the return of a child wrongfully removed to Mexico." (Id.) Plainly, the district court in Lops did not order the return of a child located abroad in Mexico but instead ordered children located *in the United States* be returned to *Germany*, a decision which the Eleventh Circuit affirmed. Lops, 140 F.3d at 946. Therefore, Lops is distinguishable from Plaintiff's case because the children in Lops were in the United States at the time the ICARA petition was filed. Less significant but also notable, it is unclear why Plaintiff asserts the children were ordered to be returned from Mexico, as there is no mention of Mexico anywhere in the Lops decision. See generally id.

of child located in Alabama to Scotland).   This distinction is significant because the district court in each case had jurisdiction over the children, and thus was able to adjudicate the ICARA petition, because each child was in the United States in accordance with the requirements of 22 U.S.C. § 9003(b).   In contrast, here, Plaintiff's children are in Germany, not the United States, and the Court is thus powerless to exercise jurisdiction over them.   Accordingly, Plaintiff does not bring a valid action pursuant to ICARA because he did not initiate proceedings in a court "authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed."  22 U.S.C. § 9003(b).

Moreover, Plaintiff misrepresents the holdings of Monasky and Chafin.   Both cases concerned questions presented that have no bearing on whether a federal court has jurisdiction to hear an ICARA case about a child located abroad in a foreign country.  See Monasky, 589 U.S. at 71 ("This case concerns the standard for determining a child's 'habitual residence' and the standard for reviewing that determination on appeal."); Chafin, 568 U.S. at 168 ("The question is whether, after a child is returned pursuant to [a return] order, any appeal of the order is moot.").

Relatedly, in his fourth argument in favor of jurisdiction, Plaintiff alleges jurisdiction is proper because Defendant is engaging in "an ongoing wrongful act under ICARA" by continuing to

keep the children in Germany. (Doc. 1, p. 5.) But such a "ongoing" violation does not alter the analysis. After all, the Hague Convention and ICARA impart upon courts a very narrow purpose: "The [Hague] Convention and [ICARA] empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." 22 U.S.C. § 9001(b)(4). In other words, a reviewing court's role, assuming jurisdiction is proper, in adjudicating an ICARA petition is to "decide the merits only of the wrongful removal claim, not of any underlying custody dispute." Lops, 140 F.3d at 936. Here, a German family court allegedly already concluded Defendant wrongfully removed the two children to Germany. (Doc. 1, p. 8; see also doc. 1-24.) Thus, a court with proper jurisdiction has already determined the parties' rights under the Hague Convention with respect to removal, in turn putting this Court at risk of deciding issues related to the custody dispute in contravention of ICARA's purpose should this Court adjudicate Plaintiff's case.

In his fifth argument explaining why the Court has subject matter jurisdiction, Plaintiff again attempts to rely on alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983 by claiming he has "articulated facts showing joint state and private conduct." (Doc. 1 (citing Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).) However, like in CV 124-205, Plaintiff again only names his ex-wife as a Defendant and does not allege any facts

to suggest she is a state actor, as he is required to prove under 42 U.S.C. § 1983. <u>See</u> CV 124-205, doc. 7, p. 8. Thus, the facts alleged do not support a § 1983 claim against Defendant. <u>See</u> <u>Folks v. Virgil Brown & Assocs.</u>, CV 424-133, 2024 WL 3463660, at *2 (S.D. Ga. July 18, 2024) (finding lack of subject matter jurisdiction based on § 1983 claim where plaintiffs "fail to allege any fact that would suggest the [defendants] are state actors").

The April 2025 complaint appears to try to circumvent this issue by explaining "[i]ndividuals and entities who aided, abetted, conspired with, or materially supported the wrongful removal and continued retention of the children . . . will be named in subsequent filings as discovery progresses." (Doc. 1, p. 6; <u>see also</u> doc. 5 (alleging facts about the Chatham County proceedings).) However, the Court declines to hinge federal jurisdiction on the possibility that other Defendants, who may or may not be state actors, will be discovered. Accordingly, the Court concludes Plaintiff's reference to § 1983 is another failed attempt to shoehorn his claims into federal court by attaching a jurisdictional label to his complaint without alleging facts that substantively support this cause of action.

Finally, Plaintiff in his third argument claims jurisdiction is proper because he seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and § 1651, and his state law claims fall within this Court's supplemental jurisdiction. (Doc. 1, p.

5.)   However, neither § 2201 nor § 1651 provide an independent basis for federal jurisdiction.  See Patel v. Hamilton Med. Ctr., Inc., 967 F.3d 1190, 1194 (11th Cir. 2020)("Because [28 U.S.C. § 2201] does not enlarge our jurisdiction, the plaintiff must still assert 'an underlying ground for federal court jurisdiction.'" (quoting Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003))); Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1070 (11th Cir. 2001), aff'd sub nom. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28 (2002) ("[28 U.S.C. § 1651] authorizes writs 'in aid of [the courts'] respective jurisdictions,' and thus does not provide an independent basis of federal subject-matter jurisdiction[.]").  And, as already discussed supra, Plaintiff does not sufficiently establish federal question jurisdiction. Accordingly, as neither statute independently confers federal jurisdiction, and there is no underlying ground for federal jurisdiction, this argument fails.  Moreover, because there is no federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

In sum, for the reasons described above, Plaintiff's arguments in favor of federal jurisdiction are unavailing.  Despite providing five reasons why he believes federal jurisdiction is proper, and Defendant's alleged continued retention of the children in Germany in addition to the recent developments in the state court proceedings, (see docs. 1, 5), the same reasons

explained the Court's prior dismissal apply once more to preclude the Court from entertaining the instant dispute. See CV 124-205, doc. 7. Plaintiff again fails to substantively allege a federal claim, and he does not plead diversity jurisdiction. Accordingly, this case must be dismissed.

As a final note, without commenting on the merits of the ongoing custody dispute, the Court acknowledges the alleged facts seem to facilitate a frustrating and complex situation for Plaintiff, who has apparently engaged in exhaustive yet unsuccessful efforts both domestically and internationally to secure custody over his children. Nonetheless, this Court cannot override its limited jurisdiction on this basis.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.** Accordingly, Plaintiff's "Motion to Consolidate Exhibits," (doc. 6), and "Emergency Motion to Expediate Hearing," (doc. 8), are **DENIED** as **MOOT.**

**ORDER ENTERED** at Augusta, Georgia, this ___5th___ day of ___May___, 2025.

_____
THE HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA